UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CR-234-D

| UNITED STATES OF AMERICA | **MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DEFENSE EXPERT** |
|---|---|
| v. | |
| HOWARD DAVIS | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby moves in limine to preclude defense witness Daniel G. O'Kelly from offering at trial the proffered opinions identified below as the proffered testimony is inconsistent with Fed. R. Evid. 402 and 403.

BACKGROUND

The defendant is charged with possession of a firearm by a felon. D.E. 1. On February 14, 2021, the defendant provided notice of intent to call Mr. O'Kelly as an expert witness. D.E. 58. According to the notice, Mr. O'Kelly anticipates offering the following opinion testimony:

(1) The part of a Ruger P90 pistol which ATF requires serialization of, while not having the parts required to allow it to fire, is not a firearm pursuant to 18 U.S.C. § 921(a)(3); and

(2) The part of a Ruger P90 pistol which ATF requires to be serialized, but to which no parts are attached, is not a firearm which has affected interstate or foreign commerce.

As explained below, the proffered testimony is inadmissible under Rule 402 and 403.

1

## ARGUMENT

**The proffered opinion evidence is inadmissible pursuant to Fed. R. Evid. 402 and 403.**

The Rules of Evidence provide that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Mr. O'Kelly intends to testify: (1) if the Ruger P90 pistol "were to have all of its component parts removed and disposed of, the remaining "frame or receiver" . . . no longer satisfies the first definition of a firearm;" and (2) that as a result of the first opinion, if the frame or receiver had "entered North Carolina without component parts present, it was not a firearm as defined when it entered the state" and did not affect interstate or foreign commerce. D.E. 58-1. The proffered opinion evidence is inadmissible pursuant to Fed. R. Evid. 402 and 403.

<u>Fed. R. Evid. 402</u>

Mr. O'Kelly's proffered evidence is not relevant to a material issue in this case. "Relevant expert testimony must 'logically advance a material aspect of the case . . . and be 'sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.'" <u>United States v. Garcia</u>, 635 F.3d 472, 476 (10th Cir. 2011) (citing

Daubert v. Dow Pharma., 509 U.S. 579, 591 (1993) (citations omitted).   The evidence at issue here is a complete Ruger P90 pistol with all of its component parts, not just a "frame or receiver." Thus Mr. O'Kelly's testimony regarding a "frame or receiver" does not advance a material aspect of the case. The Court should find this evidence improper.

Fed. R. Evid. 403

Assuming *arguendo* the proffered opinion is relevant, which the government does not concede, Mr. O'Kelly's opinions are inadmissible under Rule 403 because they would only serve to confuse the issues and mislead the jury while simultaneously providing no probative evidence for the jury to consider.  This evidence is being offered to suggest to the jury that they have no way of knowing if the completed pistol itself, or if the frame or receiver alone, traveled in interstate commerce. Notably, Mr. O'Kelly states as support for his position: "I see no evidence in this case that the serialized part of a Ruger P90 in this case, either had parts attached when it entered North Carolina, nor that it has affected interstate or foreign commerce after gaining those parts." D.E. 58-1 at 4. That statement is mere speculation and not based on any scientific, technical, or other specialized knowledge to help the jury determine any fact. Fed. R. Evid. 702(a).   Furthermore, Mr. O'Kelly speculates without acknowledging the fact that the Ruger P90 pistol was transferred by Ruger to a dealer in Virginia and ultimately found in North Carolina. See Gov. Ex. 1.  Nor does Mr. O'Kelly acknowledge that the Ruger P90 pistol was found with all its component parts and that the slide and receiver are properly marked "Sturm Ruger." See Gov. Ex. 2.

3

Consequently, as the purported opinion testimony is not relevant to a material issue in the case, is speculative at best, and would only serve to confuse the issues and mislead the jury, the testimony should be excluded.

CONCLUSION

Based on the foregoing, the United States respectfully asks the Court to rule on this motion prior to the start of the trial.

Respectfully submitted this 7th day of March, 2022.

        MICHAEL F. EASLEY, JR.
        United States Attorney

BY:   /s/ Gabriel J. Diaz
       GABRIEL J. DIAZ
       Assistant U.S. Attorney
       150 Fayetteville Street, Suite 2100
       Raleigh, North Carolina 27601
       Telephone: (919) 856-4326
       Fax: (919) 856-4487
       gabriel.diaz@usdoj.gov
       N.C. Bar No. 49159

CERTIFICATE OF SERVICE

This is to certify that I have this 7th day of March, 2022, served a copy of the foregoing Government's MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DEFENSE EXPERT upon the defendant by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to:

Elliot S. Abrams
Counsel for Defendant
Email: elliot.abrams@cheshirepark.com

/s/ Gabriel J. Diaz
GABRIEL J. DIAZ
Assistant United States Attorney
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: 919-856-4326
gabriel.diaz@usdoj.gov
N.C. State Bar No. 49159